CLARK ET AL. *v.* RICHARDSON ET AL.

[No. 27,912.   Filed November 30, 1943.]

*Clyde H. Jones,* of Indianapolis, and *W. J. Sprow,* of Crawfordsville, for appellants.

*Foley & Foley,* of Crawfordsville, and *Daniel P. Flanagan,* of Lafayette, for appellees.

RICHMAN, J.—Appellants listed a farm for sale with The Crawfordsville Trust Company which prepared a contract of sale, procured appellants' signatures thereto, and took it to appellees Sams who were satisfied with its terms and also signed. The consideration was $20,520 payable, $2,000 cash (check for which was delivered by the Sams when they signed the contract), $4,000 on or before February 25, 1942 (which was paid to the Trust Company before that date), "and balance on or before February 25, 1943. Said balance to draw interest at the rate of 4½ per cent annually, payable semi-annually . . ." The contract called for possession "not later than February 25th, 1942." Appellee Richardson, employed by Mr. Sams, took possession February 26, 1942, "to operate the farm for him." Some of appellant's grain and other personal property was there when Richardson moved to the farm. A dispute arose as to disposition of the personal property and who should pay the taxes for 1941 payable in 1942. Before any further payments of the purchase price were due, appellants filed this action against appellees alleging ownership and right to possession, asking a restraining order against interference with the personal property and for a final decree establishing their title and right to possession, damages in the sum of $2,000 of which $1,000 were to be "exemplary," and a "writ of assistance to oust" the appellees. The complaint was verified and a restraining order issued. Appellees filed answer exhibiting the contract and alleging performance of its

conditions, with prayer for decree adjudging their right to possession, that the restraining order be dissolved and that appellants be required immediately to remove their personal property. A reply closed the issues. After trial without a jury there was a general finding and decree for appellees that the restraining order be dissolved, that appellees were the equitable owners of the real estate and entitled to possession and that appellants remove their personal property within thirty days.

The only error assigned is the overruling of appellant's motion for a new trial and the only specifications thereof covered by their single proposition are that the decision is not sustained by sufficient evidence and is contrary to law. They contend thereunder that the contract is too uncertain to be the basis of a decree for specific performance, hence the Sams did not become the equitable owners of the real estate and were not entitled to possession. If upon the issue thus stated appellants may not prevail we need not look for other grounds upon which to sustain the decree.

Where the essential elements of a contract are so indefinite that a court can not ascertain its meaning, equity will not decree its enforcement. Absolute certainty is not required, even of major provisions. Ambiguity in subsidiary parts of the agreement not affecting the substantial rights of the parties do not prevent its enforcement and it is so stated in 58 C. J. *Specific Performance* § 96 and 25 R. C. L. *Specific Performance* § 18. The text in R. C. L. declares:

". . . And, generally speaking, uncertainty in a subsidiary part of an agreement, whose main particulars are sufficiently certain, will not prevent a decree for specific performance. . . ."

The contract before us seems to be within this rule for it is not contended that any of its major terms are indefinite. It clearly names the parties, sufficiently describes the real estate, specifies the consideration and when the installments thereof shall be paid, designates the date when the buyer shall have possession, provides for warranty deed, free from liens except a ditch assessment, to be delivered upon payment of the last installment of the price. There are provisions for abstract showing merchantable title, examination thereof, and remedy of defects found, by suit, if necessary, at "seller's" expense. A paragraph provides for liquidated damages for failure of compliance by either party. Protection against loss by fire or windstorm is covered by another paragraph. Payments are to be made to the agent whose sales commission is to be deducted from its remittance to the sellers. The provisions mentioned, none of which is criticised as indefinite, seem adequately to cover the essential terms of a contract for the sale of real estate.

Four uncertainties are relied upon, namely, a general interest clause claimed to conflict with the provision for 4½ per cent interest quoted *supra,* an option to the buyers that the deed be placed in escrow, a clause stating that "First Parties will give to the Second Parties a contract for deed," and finally a privilege given to the "Buyers of paying one hundred dollars or any multiple on principal on any interest paying date." The last of these deserves no comment.

Under well settled principles of construction the general provision for interest yields to the specific designation of the rate of 4½ per cent to be paid on the "balance" of the purchase price. This does not leave the general provision purposeless for it may be applied to other monetary obligations possible

in the performance of the contract. The words in the general interest clause "current bank rate," can be made definite by parol evidence. If it were otherwise a court would apply the statutory legal rate without effect upon the substantial rights of the parties.

Appellants have overlooked an apparent ambiguity as to the date from which 4½ per cent interest is to be calculated. See quoted clause *supra.* Obviously the $4,000 payment was to be without interest. The "balance" referred to could not become a balance until after payment of the $4,000 due February 25, 1942. Resolving the doubt against the sellers, whose agent used the language, there is no real uncertainty for by proper construction that date marks the time when interest shall begin.

Appellants' complaint as to the escrow option is twofold, first, that "no time is fixed for the delivery of the deed if placed in escrow," second, that it makes uncertain the obligation of the parties as to taxes. Whether the sellers themselves or an escrow agent make delivery, the contract is clear that the buyers are to get the deed when payment is completed. The tax obligations are not mentioned in the escrow option and are covered by other provisions of the contract. When it was executed the taxes for 1941 payable in 1942 were a lien. Appellants by their agreement to convey free from liens were bound to pay these taxes. Performance according to the terms of the contract would give appellees possession prior to March 1, 1942, when 1942 taxes became a lien payable in May and November, 1943. Having enjoyed the use of the property for a year before those taxes were payable they would not then be permitted to deny their liability therefor, particularly if their failure to get a deed be caused by their delay in payment of the purchase price.

There is nothing in the contract that suggests any different view.

We have quoted all that is said about "a contract for deed." It appears under a heading "Further Agreements." The incongruity seems to have resulted from the combination by the scrivener of two forms of real estate contracts. Appellants say that the words indicate "something is left to be done in the future." With a contract so complete as this in all essential provisions, we can see no occasion for any future agreement and since it is not specific as to the kind of such agreement we think it may be treated as surplusage particularly since the contract expressly provides: "There are no verbal or other understandings, and this contract sets forth the full and complete agreement of said parties."

All of appellants' points have been considered, perhaps in more detail than they deserve, and we conclude that there is very little uncertainty in the contract and obviously none affecting its essential elements or its "main particulars."

Appellants chose to rest their case upon an insufficient premise.

Decree affirmed.

NOTE.—Reported in 51 N. E. (2d) 484.