GABRIEL J. HOLEWIAK AND LOIS F. HOLEWIAK *v.* ALLABELLE JONES AND GEORGE S. JONES, D/B/A GEORGE S. JONES & CO.

[No. 971A184. Filed April 12, 1972.]

*Jesse A. Brown, Brown, Brown & Rakestraw,* of Rochester, for appellants.

*James O. Wells, Jr.,* of Rochester, for appellees.

SHARP, J.—The original complaint in this case was filed by the Plaintiffs-Appellees, Allabelle Jones and George S. Jones, d/b/a George S. Jones & Company, against Gabriel J. Holewiak and Lois F. Holewiak, Defendants-Appellants on the 28th of August, 1964. Subsequently an amended complaint for trespass and restraining order was filed in which it was alleged that the Plaintiffs-Appellees were the owners of the following described real estate situated in Fulton County, State of Indiana, to-wit:

> Beginning at a point 174 feet West of the Southeast corner of Lot No. 4 in Hamilton & Taber's Addition of Out Lots to the Town, now City of Rochester, Indiana, said point being on the North line of Sixth Street in said City; thence West 150 feet; thence North 120 feet; thence East to the West line of Minnow Creek Ditch; thence Southeasterly along said Ditch to the North line of a tract of land owned by Norman Teel; thence West to a point directly North of the place of beginning; thence South to the place of beginning.

Said complaint further alleges that on the 27th day of November, 1962, at the request of the Plaintiffs-Appellees and after due notice was served upon the Defendants-Appellants a legal survey of the above described real estate was conducted by the Surveyor of Fulton County, Indiana. That said survey did set and establish the north and west lines and did perpetuate the corners of the above described real estate.

It is further alleged that said survey was duly recorded in the office of the Recorder of Fulton County, Indiana, on the 3rd day of April, 1963, and that no appeal was made to said survey. Said amended complaint further alleged that the lines so established and the corners so perpetuated had

been in existence for a period of more than thirty years. The complaint further alleged that contrary to said survey in the year 1960 the Defendants-Appellants did construct and have since maintained a wire fence which is approximately ten feet within the west boundary line of the real estate owned by the Plaintiff-Appellees. That in the construction of said fence it is alleged that the Defendants-Appellants did trespass on the real estate of the Plaintiffs-Appellees and have, since construction of said fence, used said property of the Plaintiffs-Appellees to their own use and benefit. Said complaint prays for a restraining order and injunction against the continuance of said trespass and encroachment.

The Defendants-Appellants filed an answer in denial and a second paragraph of affirmative answer which states in part as follows:

"2. That the survey, as conducted by said surveyor, is in error and the plat prepared by the surveyor from such survey shows on its face that the same is in error and does not properly establish the lines of the real estate described in rhetorical paragraph 1 hereof."

The Defendants-Appellants for their third affirmative paragraph of answer alleged in part as follows:

"2. That thereafter on or about January 15, 1963, the then surveyor of Fulton County, Indiana, agreed with these defendants that said survey was in error and further agreed to correct the same and relocate the boundaries established.

3. That the surveyor failed to properly correct said survey as agreed and thereafter the survey as originally made was recorded at the office of the recorder of this county on the 3rd day of April, 1963, contrary to the agreement with defendants.

4. That the defendants, relying upon the agreement with said surveyor, failed to take the necessary steps to appeal from said survey."

Thereafter the Plaintiffs-Appellees demurred to the second and third paragraph of answer on the ground that neither

of said paragraphs stated facts sufficient to constitute a defense to the Plaintiffs' amended complaint. The trial court overruled said demurrer as to the second paragraph of answer and sustained it as to the third paragraph of answer. (The ruling on this demurrer is not argued here.)

On the 17th day of March, 1971, the trial court entered the following judgment:

> "The Court now finds that the allegations of the plaintiffs' complaint are true; that the plaintiffs were owners of the real estate described in the complaint; that on the 27th day of November, 1962, the Surveyor of Fulton County, Indiana, conducted a legal survey of said real estate which did set out and establish the north and west lines and did perpetuate the corners of the real estate described in the plaintiff's complaint of which the plaintiffs were owners; that said survey is valid, correct and final; that the defendants did construct in the year of 1960 and have since maintained a wire fence on the land of the plaintiffs and did commit trespass on the lands of the plaintiffs; that said fence should be removed immediately; and that the plaintiffs were damaged by said trespass in the amount of $500.00, and should recover the costs of this action.
>
> THEREFORE, IT IS ORDERED AND ADJUDGED by the Court that the defendants did commit trespass upon the lands of the plaintiffs; that the fence constructed heretofore should be removed forthwith; that the plaintiffs shall recover from the defendants for damages for said trespass the sum of $500.00 and the costs of this action; and that the defendants are enjoined from further trespassing upon the grounds of the plaintiffs."

Thereafter the Motion to Correct Errors of the Defendants-Appellants was filed and overruled and this appeal resulted. The Motion to Correct Errors contains eight specifications of error. However, the Appellants have only presented argument here on the specifications that the decision of the trial court is not sustained by sufficient evidence and is contrary to law. All other specifications not argued here are therefore waived.

Prior to the submission of the evidence in the trial of this case it was stipulated by all parties that a legal survey was made by the Surveyor of Fulton County, Indiana, of the property described in the Plaintiffs' complaint and, that due notice had been given of the legal survey to the Defendants, and that no appeal was taken of the survey which was duly recorded in the office of the Recorder of Fulton County, Indiana. At no time was there any objection to or evidence entered to contest this stipulation. Lois Sholey, Fulton County Recorder, identified the request for a legal survey made by the Plaintiffs, the notice of survey to the Defendants, together with certificate of service and the survey prepared by the County Surveyor in accordance with said request for survey and notice. These items were admitted into evidence without objection. This exhibit was shown to have been the survey of the lands of the Plaintiffs and Defendants and was recorded in the records of Fulton County, Indiana.

George S. Jones, one of the Plaintiffs, testified that he was the owner of the land described in the legal survey and presented a deed to the court showing himself to be the owner of said land. This deed was admitted into evidence without objection. Gabriel J. Holewiak, one of the Defendants, testified that he was the owner of the land adjacent to the Plaintiffs' land and that he had actual notice of the legal survey when it was made by the County Surveyor. The Defendant further admitted that he had a fence built to separate the Plaintiffs' and Defendants' properties and that the legal survey by the County Surveyor showed this fence to have been placed on the Plaintiffs' property.

Robert E. Cook, the present Fulton County Surveyor, testified that the fence built by Mr. Holewiak was 9.85 feet over onto the Plaintiffs' property. The worksheet used by the Surveyor in preparing the legal survey was entered into evidence and shows that the fence built by the Defendants to be 9.8 feet over onto the Plaintiffs' property.

The pertinent statute providing for legal survey is Ind. Stat. Ann. § 49-3311 (Burns 1964) through § 49-3314. ■ (Sections 49-3311 and 49-3312 were repealed by Acts 1969, ch. 96, Sect. 6.)

The above statute provides, in effect, that after corners and lines are established by the County Surveyor at the request of an owner of land in the State, and after prescribed notice to the owners of affected adjoining lands, the lines so established shall be prima facie evidence of the correctness of such lines and corners and that an appeal may be taken within ninety days as to the correctness of such lines and corners. After the time provided by statute for appealing such survey, the survey, while prima facie evidence of the location of the corners and lines during the time the appeal is permitted by statute, becomes conclusive between the parties as to the survey as to the corners and lines so established.

In this case, after due notice to the Defendants, such a legal survey was made by the County Surveyor. This survey established lines and corners between the Plaintiffs' and Defendants' properties. The Defendants did not appeal the correctness of the corners and lines established by this survey within the time limit prescribed by the statute. The correctness of the lines and corners established by this survey then becomes conclusive as between the Plaintiffs and Defendants.

The Plaintiffs-Appellees urged that there was not sufficient evidence to suport the decision in this case. The Deputy Surveyor, who made this survey, and who is now County Surveyor, testified that the procedure used in determining the lines and corners established by this survey was correct and that the lines and corners established by the survey was correct. The evidence shows that the Plaintiffs and Defendants took title from a common chain of title. Landmarks accepted as boundary lines were testified to as having

existed as early as 1936. These landmarks were shown to be correct by the legal survey.

In a landmark decision our Supreme Court in *Herbst, et al.* v. *Smith* (1880), 71 Ind. 44, in interpreting a survey statute which is identical to the one here involved except for the time limitation on appeal from the survey, stated:

> "It is clear to our minds, that the Legislature intended that, when a survey should be made in accordance with that statute, it should be conclusive unless appealed from as herein provided for.
>
> There would not only be little necessity or use of an appeal, but there would be little certainty as to corners, lines and boundaries, if the question could be reopened as often as a new surveyor might come in, or as often as any of the landlords affected by the survey might desire to have the question reopened. The statute says, 'The survey of such surveyor shall be prima facie evidence in favor of the corners so established, and the lines so run, but an appeal may be taken,' etc. The object of the statute was, as we think, to make such survey prima facie evidence, etc., during the time in which an appeal could be taken, and perhaps pending an appeal when taken; but, where no appeal is taken, the survey becomes, after the time limited therefor, conclusive. Otherwise, such survey settles nothing that may not, upon a new survey and without any appeal, be unsettled. A new survey may doubtless be had, not for the purpose of establishing the corners, lines or boundaries, as an original survey; but for the purpose of re-locating or perpetuating the corners, lines or boundaries established by such original survey, where they have become obscured or lost."

*Herbst* v. *Smith* still represents the law of Indiana. It is authority for us to affirm the decision of the trial court.

The weight and credibility of conflicting evidence are questions to be resolved by the trial court and not for a reviewing court on appeal. See *Berry* v. *Town of Fowler* (1960), 240 Ind. 443, 166 N. E. 2d 333.

In reviewing the sufficiency of the evidence this court must consider the evidence most favorable to the appellee in this case. *Snider* v. *Truax* (1943), 222 Ind. 8, 51 N. E. 2d 477.

It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion that the decision of the trial court  will be set aside on the ground that it is contrary to law. *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529. Such is not the case here.

We find that the decision of the trial court is supported by sufficient evidence and that such decision is not contrary to law. Therefore, such decision should be and hereby is affirmed.

Affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 281 N. E. 2d 113.