BROWN COUNTY ART GUILD, INC.,
Appellant (Defendant Below),

v.

Robert D. MANN, Appellee
(Plaintiff Below).

No. 1–781A222.

Court of Appeals of Indiana,
First District.

Feb. 4, 1982.

Leo L. Kriner, Indianapolis, for appellant.

William H. Andrews, Baker, Barnhart & Andrews, Bloomington, for appellee.

ROBERTSON, Judge.

The Brown County Art Guild (Art Guild) appeals the decision rendered in favor of Robert D. Mann (Mann), who initiated this action seeking specific performance of a contract to purchase a painting.

We affirm.

This case involves an oral contract to purchase a Carl Graf painting depicting a vendor in University Park in Indianapolis. The facts disclose that Mann was in the Art Guild's gallery examining their paintings. He had previously done business with them and had purchased another work by Graf. Not finding anything to suit his taste in the main gallery, he went downstairs into the vault where more of their art work is stored. Mann was in the anteroom, located outside of the vault, where he found the painting in question. The anteroom was where the art work was mounted and prepared for display.

The evidence after this point conflicts. Mann contends that he inquired about the price and Ms. Doris Embry told him the price was either two hundred twenty-five or two hundred fifty dollars. Mann noticed some paint specks on the painting and inquired as to whether the specks could be removed. Ms. Embry stated that Francis Brown did the restoration work for the Art Guild and that the painting could be sent to Brown for restoration. Mann stated he would purchase the painting at that price if it could be properly restored. Mann then offered to make a down-payment on the painting, but Ms. Embry refused it because the painting needed to be restored. Mann left his business card with Ms. Embry and told her to contact him when the painting was available.

The Art Guild's version of the facts differ greatly. Ms. Embry testified that she was unsure whether the painting was being offered for sale and that she told Mann she would inquire to see if it was for sale. She testified that she found out that the painting was to remain a part of the Art Guild's permanent collection and did not contact Mann.

Approximately nine months after this, Mann stopped by the Art Guild and saw the painting being displayed. This lawsuit soon followed. The Art Guild presented evidence that the painting was a part of a three piece collection by the artist on University Park and that its value was in excess of the amount quoted by Mann.

The trial court found that the painting is a unique item and that Mann was entitled to enforce the contract. The trial court ordered Mann to pay the Art Guild two hundred fifty dollars and the cost of restoration. The Art Guild was ordered to give the painting to Mann with a clear title.

On appeal, the Art Guild alleges the trial court erred in ordering specific performance of the contract because a material element of the contract was not established and that specific performance would be inequitable in this case. Our standard of review precludes this tribunal from weighing evidence or judging the credibility of witnesses.

Furthermore, we may only consider that evidence most favorable to the judgment and all favorable inferences to be drawn therefrom. The judgment will not be disturbed if there exists evidence of probative value to sustain the trial court's decision. *Central Indiana Carpenters Welfare v. Ellis* (1981) Ind.App., 412 N.E.2d 865.

The Art Guild argues the trial court erred in awarding specific performance because a material element of the contract, the price, was not established. The Art Guild points out that Mann testified that the price was either two hundred twenty-five or two hundred fifty dollars. Mann's wife testified that she thought the price was two hundred fifty dollars, but it could have been two hundred twenty-five dollars. The Art Guild contends that because they did not quote an exact price, there was no mutuality, and therefore, specific performance was improper.

The Art Guild is correct in asserting that where the essential elements of a contract are so indefinite that a court cannot ascertain its meaning, the case is inappropriate for specific performance. *Workman v. Douglas* (1981) Ind.App., 419 N.E.2d 1340. However, absolute certainty, even of the contract's major provisions, is not required. *Clark v. Richardson* (1943) 222 Ind. 4, 51 N.E.2d 484. In the present case, the evidence was sufficiently clear to establish a price. Moreover, the evidence established that paintings which the Art Guild retained in its permanent collection were marked with a red "X" on the back. The painting in question did not have such a marking. An inference that a contract was created could be inferred from the fact that the painting was restored after Mann's visit. The Art Guild is essentially asking this court to reweigh the evidence. Our standard of review requires us to refuse this invitation.

The Art Guild also alleges specific performance would be inequitable. We remain unpersuaded that the contract price as found by the trial court was inequitable.

The judgment is hereby affirmed.

RATLIFF, P. J., and NEAL, J., concur.