Anthony Paul SPINSKY and Florence M. Spinsky, Appellants (Defendants Below),

v.

Carl KAY, Appellee (Plaintiff Below).

No. 71A04–8810–CV–339.

Court of Appeals of Indiana, Fourth District.

Feb. 28, 1990.

Rehearing Denied May 9, 1990.

Robert J. Palmer, May, Oberfell & Lorber, Charles A. Sweeney, Jr., Sweeney, Pfeifer & Blackburn, South Bend, for appellants.

Robert F. Gonderman, Craig A. Rieff, Gonderman Law Offices, P.C., South Bend, for appellee.

CONOVER, Judge.

Defendants–Appellants Anthony Paul Spinsky and Florence M. Spinsky (collectively, Spinsky) appeal the trial court's judgment in favor of Plaintiff–Appellee Carl Kay (Kay).

We affirm.

Spinsky presents five issues for our review,[1] which we restate as:

1. whether the trial court erred in ordering specific performance of an option to purchase real property when the purchase price was to be determined by appraisal;

2. whether the court erred in its determination of the property's worth;

3. whether the trial court erred in its determination of when the purchase option could be exercised;

4. whether the trial court erred in awarding punitive damages; and

5. whether the trial court erred in its refusal to award interest on the purchase price to Spinsky.

Kay purchased Spinsky's monument business in November of 1975. The parties also entered into a commercial lease wherein Spinsky leased to Kay the property upon which the business was located. The initial lease term commenced January 1, 1976 and ended December 31, 1976, and the lease provided for seven additional one year lease periods. Also contained in the lease was an option to purchase the property after Kay had leased the property for the full eight years.

In August of 1983, Kay notified Spinsky of his intention to exercise the purchase option. Spinsky at first refused to sell, stating he could not discuss the sale of the property until the final lease period had expired on December 31, 1983. However, Spinsky did indicate he had a buyer willing to pay $100,000 for the property and he would sell it to Kay for $110,000. He then indicated he would be out of the state until the spring of 1984 and would not be able to discuss the sale of the property until then. Spinsky suggested he would double the rent after December 31, 1983.

Thereafter, Kay retained legal counsel who corresponded with Spinsky's counsel in an effort to facilitate the sale of the property. Additionally, he retained the services of an appraiser who rendered an opinion as to the current value of the property. Although the lease required Spinsky to hire an appraiser, he refused to do so until late 1985. Kay filed an action in St. Joseph Superior Court requesting specific performance of the contract. The trial court ordered specific performance and established the purchase price of the property as $54,600 less punitive damages and court costs. The court also awarded punitive damages of $3,500 to Kay. Spinsky now appeals.

Additional facts appear below as necessary.

Spinsky initially argues the court erred in ordering specific performance because an essential element of the contract, the purchase price of the property, was to be agreed upon at a later time or determined by appraisal. The lease provided:

> In the event that the parties fail to agree upon a purchase price, then the purchase price shall be arrived at as follows:
>
> 1. The lessors shall appoint an appraiser of their choice.
>
> 2. The lessee shall appoint an appraiser of his choice.
>
> 3. The two selected appraisers shall select a third appraiser by agreement.
>
> The three appraisers thus selected shall, within 30 days after their selection arrive at an agreed market value of the property.

Initially, we note the use of appendices is encouraged rather than discouraged. There was no error in Spinsky's use of an appendix to set out the trial court's thorough and necessarily lengthy judgment and factual findings.

We further note flagrant violations of the rules of appellate procedure will result in the waiver of issues or the dismissal of the appeal. However, we will reach the merits where violations are comparatively minor. We choose to address the merits of this appeal. *See Grimm v. Borkholder Co., Inc.* (1983), Ind.App., 454 N.E.2d 84.

---

1. Kay's counsel argues Spinsky violated Ind.Appellate Rule 8.3(A)(4) by not including a verbatim copy of the judgment in his statement of the case. Kay also alleges a violation of App.R. 8.3(A)(5) for failure to correctly cite to the record in the statement of facts. Finally, Kay alleges the use of an appendix to set out the court's judgment and factual findings was an impermissible attempt to avoid the page limitations of Ind.Appellate Rule 8.2(A)(4).

   Spinsky alleges Kay violated App.R. 8.2(A)(1) because Kay used extensive single spaced footnotes in an attempt to circumvent App.R. 8.2(A)(4).

■ Spinsky is correct in asserting a case is inappropriate for specific performance where an essential element of a contract is so indefinite a court cannot ascertain its meaning. *Brown County Art Guild, Inc. v. Mann* (1982), Ind.App., 430 N.E.2d 1181, 1183 (citing *Workman v. Douglas* (1981), Ind.App., 419 N.E.2d 1340). However, absolute certainty of a contract's major provisions is not required. *Id.* (citing *Clark v. Richardson* (1943), 222 Ind. 4, 51 N.E.2d 484, 485).

It is well-established a court will not decree specific performance of an agreement to decide a controversy by, or submit it to, arbitration or appraisal, except where authorized to do so by statute. However, the rule has been modified in some states to allow specific performance where the provision for determination of price by appraisers is not the essence of the contract, or where there has been part performance, and the parties may not be easily placed in status quo. In this event the court will fix the price. *See* 71 Am.Jur.2d *Specific Performance* § 40 (1973); Annot., 167 A.L.R. 727 (1947). The modified rule in fact establishes a new rule which indicates contracts providing for price determination by appraisal will be specifically enforced unless it positively appears the contract was wholly executory and the parties may easily be placed in status quo. *See* 167 A.L.R. at 741.

Two Indiana cases are instructive. In *Coles v. Peck* (1884), 96 Ind. 333, our supreme court applied the modified rule after noting language establishing the determination of a property's value by appraisal may be "treated as non-essential, and as more in the nature of a suggestion, regarding the stipulation itself as virtually an agreement to sell the property at a fair price." *Id.* at 340. In *Brown County Art Guild, supra,* the appellant Art Guild argued the trial court erred in ordering specific performance because a material element of the oral contract, the price, had not been established. The court looked to all the evidence and held there was sufficient evidence to indicate price. The fair price issue is fact sensitive. The judgment will not be disturbed if there is substantial evidence of probative value which sustains the trial court's decision on the subject.

■ In the present case, the evidence was sufficiently clear to establish a price. Even though the two appraisals differed by $36,000, the appraisal reports were detailed enough to allow the trial court to determine value for the purpose of specific performance. The trial court carefully stated the factors it determined to be relevant in both appraisals, and then adopted Kay's appraisal. Our standard of review precludes us from usurping the trial court's authority and weighing the evidence or judging the credibility of witnesses. *Brown County, supra* at 1182.

Moreover, the evidence indicates the parties cannot be easily placed in status quo absent performance of the contract. The business had been operated by Spinsky on the property for a number of years before he sold it to Kay. The location of the business had been advertised and was generally known. Spinsky admitted the location of property is a primary factor in the success of a monument business.

Spinsky next contends the trial court erred in not making its own determination as to value of the property, ordering an independent appraisal, or ordering specific performance of the appraisal provisions of the contract. Spinsky contends the reports of appraisers are not conclusive under *Coles, supra.*

In its decree, the trial court acknowledged the difficulty of determining the property's value. However, it accepted the value as determined by Kay's appraiser only after discussing and analyzing the various factors listed in each appraisal. The court also listed the determinative factors indicating the value determined by Kay's appraiser was accurate. In its order denying Spinsky's motion to correct errors, the court noted it had considered all the evidence and had come to a decision after weighing the evidence. Unlike *Coles, supra,* where the only evidence in the case was the appraisal of the buyer, the court here had evidence of value from both parties to consider in making its determina-

tion. Furthermore, the court determined appointing a third appraiser would only result in more delay and confusion. The trial court made a considered determination as to the value of the property. Spinsky essentially invites us to reweigh the evidence; our standard of review requires us to refuse it. *See, Brown County, supra* at 1183.

Spinsky contends the trial court erred in ruling Kay could exercise the option to purchase anytime after the end of September 1982. The option provided if Kay leased the property for the full eight year period, then Spinsky was obligated to sell the property to him. The trial court determined upon the renewal of the lease at the end of September 1982, Kay had leased the property for the full eight year period: thus, he could exercise the option. Spinsky contends even though Kay renewed the lease for the eighth year at the end of September 1982, he could not exercise the option until the entire eighth lease period had ended on December 31, 1983.

The purchase option language states Kay had an absolute right to purchase the property after eight years of leasing. Spinsky does not dispute the right is absolute, he only disputes the date upon which it can be exercised. By the time this action was filed in the trial court on March 6, 1984, Kay had an absolute right to purchase the property under either Kay or Spinsky's interpretation of the contract. The issue is moot since, whether the trial court erred or not, there will be no change in the status quo. *See Bartholomew County Hospital v. Ryan* (1982), Ind.App., 440 N.E.2d 754, 757.

Spinsky argues determination of this issue affects the determination of the issues of specific performance and valuation because Spinsky would have had more time to hire an appraiser under his interpretation of the purchase option. However, the evidence demonstrates Spinsky did not hire an appraiser until late 1985, an unreasonably long duration even after December 31, 1983.

Spinsky also argues determination of this issue affects the determination of the

award of punitive damages. We disagree. Spinsky's actions warrant the award no matter what date the option to purchase became effective.

Spinsky next contends the punitive damage award is not supported by sufficient evidence. Spinsky contends his conduct did not raise to the reprehensible standard necessary to support a punitive damage award. We disagree.

■ Punitive damages must be supported by clear and convincing evidence. *Peru Daily Tribune v. Shuler* (1989), Ind. App., 544 N.E.2d 560, 562 (citing *Traveler's Indem. Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 363). The evidence must overcome the presumption the defendant's conduct was merely negligent or the result of some honest error. *A.B.C. Home & Real Estate Inspection, Inc. v. Plummer* (1986), Ind.App., 500 N.E.2d 1257, 1263, *reh. denied.* Punitive damages are recoverable only upon evidence the defendant acted with malice, fraud, gross negligence, or oppression which did not result from mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other human failing. *Bud Wolf Chevrolet, Inc. v. Robertson* (1988), Ind., 519 N.E.2d 135, 137, (citing *Traveler's Indemnity, supra* at 362). In addressing the issue of sufficiency of evidence, we will affirm a judgment of punitive damages if, considering only the probative evidence and the reasonable inferences supporting it, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find such damages proven by clear and convincing evidence. *Wolf Chevrolet, supra.* Punitive damages are not compensatory in nature but are designed to punish the wrongdoer and deter similar conduct in the future. *Orkin Exterminating Company, Inc. v. Traina* (1986), Ind., 486 N.E.2d 1019, 1022. The sole issue is whether a defendant's conduct was so obdurate he should be punished for the benefit of the general public. *Id.*

■ Even assuming January 1, 1984, was the actual date the purchase option could be exercised, Spinsky's actions were oppressive. He took much longer than a

reasonable period of time to hire an appraiser and the evidence suggests an appraiser was retained more as an expert to testify at trial than to act pursuant to the lease. A panel of appraisers was not appointed primarily due to Spinsky's insistence the appraisers be members of a non-existent organization. The trial court determined Spinsky's actions even after January 1, 1984, were more directed toward avoiding the contract than to making an effort to comply with its terms.

Furthermore, under threat of impeachment by his deposition, Spinsky admitted he knew the option could be exercised after January 1, 1983 even though he had adamantly argued throughout the proceedings the eight year period did not end until December 31, 1983.[2] Even assuming he was confused during cross-examination and thought Kay's attorney was referring to January 1, *1984*, his testimony indicates his understanding appraisals were necessary. Even with this understanding, he waited until late 1985 to hire an appraiser.

Spinsky's conduct reached the level of obdurate conduct necessary for the award of punitive damages. The punitive damage award serves the dual purpose of punishing Spinsky and deterring similarly situated landowners from engaging in such oppressive action in the future. The trial court did not err in awarding punitive damages.

■ Finally, Spinsky contends the trial court erred in not including interest on the purchase price of the property from January 1, 1984, the date Kay became equitable owner, to the date Kay tendered the purchase price to the owner. Kay was in possession and had use of the land during this period. Spinsky contends the court erred as both a matter of law and of equity.

Spinsky cites to *Keefer v. Penn–Harris–Madison School Corporation* (1971), 256 Ind. 224, 267 N.E.2d 838, as analogous to the present case. In *Keefer,* our supreme court affirmed the trial court's decision not to include interest with respect to the school corporation's compensation to Keefer for loss of property in a condemnation proceeding. The court, citing *State v. Young* (1964), 246 Ind. 52, 199 N.E.2d 694, noted that had the school corporation actually taken possession of the property prior to payment, then the award of interest would be allowed as compensation for loss of use of property.

Both *Keefer* and the case cited therein are grounded in the court's interpretation of what the Indiana constitution means by requiring just compensation by the government to a land-owner in condemnation cases. The government's duty to a land-owner in a condemnation case is not analogous to the one before us.

Spinsky also contends the award of interest here is comparable to the award of pre-judgment interest. The comparison is ill-taken. Prejudgment interest is recoverable as additional damages to accomplish full compensation when a damage award is made. *Indiana Insurance Company v. Sentry Insurance Company* (1982), Ind. App., 437 N.E.2d 1381, 1391. Here, Spinsky has been awarded no damages but has been awarded the purchase price of property as part of specific performance of the contract.

2. The record specifically reveals the following exchange:

[by Kay's attorney]
Q. I said, as of January 1st—and I believe you gave this testimony in your deposition as well—he had, in fact, leased the property for the full eight year period. He had leased it?
[by Spinsky]
A. As of January the 1st?
Q. 1983.
A. Yes, he had leased it for the full eight year period, yes.
Q. All right. And the agreement, language, you were just referring to said, "the lessors agree that if the lessee shall have leased the premises for the full eight year period—
A. Yes.
Q. He complied with that, did he not?
A. Yes. Yes, that's right.
Q. So he had a right to purchase the property. That was one of the contingencies. He could purchase it if he had leased it for eight years. And we agree that he had leased it for eight years, and that would be subject to the terms set forth above.
A. Subject to the appraisal, and so on, yes..
(R. 459–460)

The award of interest is not warranted under equity. Kay was prevented from paying the purchase price on January 1, 1984 by Spinsky's unreasonable refusal to appoint an appraiser as the contract required. It is well established equity will not aid those with unclean hands. *Briggs v. Clinton County Bank & Trust Co. of Frankfort, Ind.* (1983), Ind.App., 452 N.E.2d 989.

Affirmed.

CHEZEM, P.J., and SULLIVAN, J., concur.