**Frank WENNING, Appellant–Petitioner,**

v.

**Lottie CALHOUN, Appellee–Respondent.**

No. 69A05–0401–CV–54.

Court of Appeals of Indiana.

May 20, 2005.

Maggie L. Smith, Sommer Barnard Ackerson Indianapolis, IN, Attorney for Appellant.

Larry L. Eaton, Versailles, IN, Attorney for Appellee.

## OPINION ON REHEARING

KIRSCH, Chief Judge.

Frank Wenning and Lottie Calhoun both petition for rehearing from our decision in which we ordered the parties' contract rescinded, raising various arguments. On further consideration, we grant rehearing.

## FACTS AND PROCEDURAL HISTORY

We set out the following facts in our original opinion:

"Wenning owned acreage in Ripley County, Indiana. In 2001, he fell behind on his mortgage payments and needed to raise cash. In December, he entered into an oral agreement to sell three acres to Calhoun, the wife of his nephew, for $9,000.00, which she was to pay the following month from a settlement that she anticipated. Calhoun moved a mobile home onto the property, arranged to have utilities connected, and built a driveway.

The following month, Calhoun learned that she would not be receiving the settlement, so she agreed to get financing for the purchase price from a bank. The parties therefore executed a written agreement (the "Contract") for the sale of the three acres on January 19, 2002. Like the parties' oral agreement, the

Contract did not describe the land being conveyed. It stated:

"To Whom it May Concern!

I, Frank Wenning, am saleing [sic] 3 acres of 28 acres to Lottie Calhoun with opion [sic] to buy more if desired. I am saleing [sic] at $3,000 a[sic] acre for a total of $9,000.

She has made a payment of $1,200.00 for Dec. 1, 01 to March 15th 2002 at $350.00 a month until [sic] paid in full or Settlement is received then will pay off in full.

Lottie Calhoun has already had El, water, & phone services ran [sic] to 5910 W. Fairground Rd. Osgood, Ind. 47037 & Lottie & Dewain Calhoun are Living on the 3 acres at this time.

*Appellant's Appendix* at 7.

Calhoun was unable to obtain a loan for the purchase price, but she paid Wenning $500 in February 2002 and continued to make monthly payments of $350.

In October 2002, Wenning filed a complaint asking the trial court to award him immediate possession of the land. Calhoun counterclaimed for specific performance. In December 2002, the trial court conducted a bench trial and thereafter entered its judgment ordering Wenning to specifically perform the Contract. Wenning now appeals."

*Wenning v. Calhoun*, 811 N.E.2d 933, 934–35 (Ind.Ct.App.2004).

## DISCUSSION AND DECISION

Wenning and Calhoun each petition for rehearing. In our original opinion, we agreed with Wenning that the description of the land in the Contract was too indefinite to be specifically enforced. We went on, however, to "rescind" the Contract and ordered Wenning to return all of the amounts Calhoun expended in reliance on the parties' agreement, including money she spent to have utilities connected and a driveway constructed.

We realize, in hindsight, that our analysis bears further consideration. We still hold that the Contract is too indefinite to be specifically enforced and reaffirm the portion of our original opinion so stating. However, we return to basic principles of contract law.

■ In order to be enforceable, a contract must be reasonably definite and certain in its material terms so that the intention of the parties may be ascertained. *Berkel & Co. Contractors, Inc. v. Palm & Assocs., Inc.*, 814 N.E.2d 649, 655 (Ind.Ct. App.2004); *Kokomo Veterans, Inc. v. Schick*, 439 N.E.2d 639, 644 (Ind.Ct.App. 1982); *see also Wolvos v. Meyer*, 668 N.E.2d 671, 675 (Ind.1996) (enforcement of incomplete or ambiguous writing creates substantial danger court will enforce something neither party intended). The "contract must 'provide a basis for determining the existence of a breach and for giving an appropriate remedy.'" *McLinden v. Coco*, 765 N.E.2d 606, 613 (Ind.Ct.App.2002) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 33(2) (1979)).

■ Similarly, equity will not decree specific performance of a contract that is vague, indefinite, and uncertain. *Spinsky v. Kay*, 550 N.E.2d 349, 351 (Ind.Ct.App. 1990), *trans. denied.* It may, however, in the furtherance of justice, compel a party to do that which in equity ought to have been done, and which was in contemplation of the parties as expressed in their contract. *Estate of Hann v. Hann*, 614 N.E.2d 973, 978 (Ind.Ct.App.1993).

■ Applying these principles, we find that this Contract fails as a matter of law because it is too indefinite in its essential terms. Specifically, the subject matter of the Contract, i.e., the exact parcel of

property to be sold, is not identifiable from the terms of the Contract. The court cannot re-write and then enforce contracts, which, to the knowledge of the court, the parties themselves did not enter into. *Indiana–Kentucky Elec. Corp. v. Green*, 476 N.E.2d 141, 145 (Ind.Ct.App.1985), *trans. denied; Tastee–Freez Leasing Corp. v. Milwid*, 173 Ind.App. 675, 678, 365 N.E.2d 1388, 1390 (1977); *Bd. of Dir. Ben Davis, Etc. v. Cloverleaf Farms, Inc.*, 171 Ind.App. 682, 687, 359 N.E.2d 546, 549 (Ind.Ct.App.1977).

■ Nonetheless, restitution, in the form of quasi contract, is available to the court if no contract exists. 1 CORBIN ON CONTRACTS §§ 1.20, 4.1 (1993). Quasi contracts, also known as contracts implied in law, are not contracts in the true sense. *Savoree v. Indus. Contracting & Erecting, Inc.*, 789 N.E.2d 1013, 1017–18 (Ind.Ct.App.2003); *Indianapolis Raceway Park, Inc., v. Curtiss*, 179 Ind.App. 557, 559, 386 N.E.2d 724, 726 (1979). Instead,

> [t]hey rest on a legal fiction imposed by law without regard to assent of the parties. They arise from reason, law, and natural equity, and are clothed with the semblance of contract for the purpose of a remedy. No action can lie in quasi contract unless one party is wrongfully enriched at the expense of another.

*Roberts v. ALCOA, Inc.*, 811 N.E.2d 466, 475 (Ind.Ct.App.2004); *Savoree*, 789 N.E.2d at 1018; *Indianapolis Raceway Park*, 179 Ind.App. at 559, 386 N.E.2d at 726. Specifically, to recover under a quasi-contract theory, the plaintiff must show, (1) a benefit was rendered to the party sought to be charged, (2) at that party's implied request, and (3) under circumstances in which equity should demand that the person receiving the benefit should compensate the other in order to prevent unjust enrichment. *Knowles & Assocs. LLC v. Cook*, 784 N.E.2d 1063,

1066 (Ind.Ct.App.2003), *Kody Eng'g Co., Inc. v. Fox & Fox Ins. Agency, Inc.*, 303 N.E.2d 307, 309, 158 Ind.App. 498, 503 (Ind.Ct.App.1973).

■ In this case, we believe that injustice can only be avoided by the invocation of such a quasi-contract remedy. Wenning would be unjustly enriched by the retention of Calhoun's payments beyond the reasonable rental value of the property for the months she occupied it. Likewise, Calhoun should be reimbursed for monies she expended in reliance on the Contract.

■ We may analogize this situation to a contract for the sale of goods that is unenforceable for indefiniteness. In such a case, the buyer must return any goods that it has received or, if unable to do so, must pay their reasonable value at the time of delivery and the seller must return any portion of the price already paid. E. ALLAN FARNSWORTH, FARNSWORTH ON CONTRACTS § 3.30 (3d ed.2004). Here, the Contract, though for land rather than goods, fails for indefiniteness. Accordingly, Calhoun must forego any claim on the land, but must pay the reasonable value of her occupation of the land until now. Wenning must return any payments Calhoun made under the Contract.

We therefore hold that Wenning must return all money to Calhoun that she expended acting on the purported Contract. Furthermore, we hold that Calhoun must pay Wenning the fair market value for the rental of the property for the time period during which she occupied the property, to be determined by the trial court.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and RILEY, J., concur.