

FILED
Apr 06 2018, 5:44 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory A. Stout
Reisenfeld & Associates, LPA LLC
Cincinnati, Ohio

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, | April 6, 2018 |
| *Appellant-Plaintiff*, | Court of Appeals Case No. 36A01-1711-MF-2521 |
| | Appeal from the Jackson Superior Court |
| v. | The Honorable Bruce Markel III, Judge |
| Delphine D. Spurgeon, Co-Trustee of the Spurgeon Family Trust, | Trial Court Cause No. 36D01-1612-MF-100 |
| *Appellee-Defendant*. | |

**Brown, Judge.**

U.S. Bank, N.A., as Trustee for LSF9 Master Participation Trust, ("U.S. Bank") appeals the dismissal of its complaint for foreclosure. We reverse and remand.

## Procedural History

On December 21, 2016, U.S. Bank filed an In Rem Complaint on Note to Foreclose Mortgage against Delphine D. Spurgeon as co-trustee of the Spurgeon Family Trust Dated 12/3/04 (the "Trust") and the State of Indiana. The complaint alleges that Forrest K. Spurgeon, deceased, executed a promissory note (the "Note") evidencing a loan from Wells Fargo Financial Indiana, Inc., ("Wells Fargo") in the original principal amount of $109,498.43, and that Forrest K. Spurgeon and Delphine D. Spurgeon as trustees of the Trust executed a mortgage (the "Mortgage") in favor of Wells Fargo, granting a security interest in certain real property in Jackson County, Indiana, held by the Trust to secure repayment of the loan which was recorded with the Jackson County Recorder. The complaint alleges that U.S. Bank is the holder of and entitled to enforce the Note, the Note is endorsed in blank, and that the Mortgage is held by U.S. Bank by an assignment of mortgage from Wells Fargo to U.S. Bank in 2016 which was also recorded. The complaint further alleges that the loan evidenced by the Note is in default and the outstanding principal balance of $99,878.10 together with accrued interest and expenses has been and is declared to be immediately due and payable. U.S. Bank requested the trial court to issue an in rem judgment and a decree of foreclosure ordering that the property subject to the Mortgage be sold. A copy of the Note is attached to the

complaint as Exhibit A, a copy of the Mortgage is attached as Exhibit B, and a copy of the assignment of the Mortgage is attached as Exhibit C.

[3] On April 4, 2017, U.S. Bank filed an In Rem Motion for Default Judgment stating that Delphine Spurgeon as trustee of the Trust had been served and failed to file a responsive pleading. That same day, U.S. Bank filed an affidavit of Naomi Feistel in support of a judgment and decree of foreclosure stating that U.S. Bank is the holder of the Note and Mortgage, Forrest Spurgeon is deceased and defaulted under the Note by failing to tender monthly payments when due, the loan evidenced by the Note is in default, U.S. Bank has accelerated all sums due under the Note, and U.S. Bank is entitled to recover the unpaid principal balance, interest, taxes, and property inspection fee. On May 10, 2017, the court held a hearing. On May 11, 2017, the court denied U.S. Bank's motion for default judgment.

[4] On August 21, 2017, U.S. Bank filed a Renewed Motion for Default Judgment which stated that the court had raised concerns at the prior hearing as to the parties named in the complaint; all necessary parties were before the court; title to the subject property was held by the Trust as evidenced by a copy of a deed attached as an exhibit; Forrest Spurgeon was deceased as evidenced by a copy of the death certificate attached as an exhibit; U.S. Bank was seeking only in rem relief; and no party had objected to the relief sought by U.S. Bank.

[5] On August 30, 2017, the court issued an order scheduling a hearing for October 4, 2017, for the purpose of dismissing the case which stated in part that U.S.

Bank failed to comply with Ind. Trial Rule 9.2(A) because the Note attached to the complaint was not signed by the mortgagor. U.S. Bank filed a response which stated that the property subject to the Mortgage was transferred to the Trust by deed in 2004; the Trust currently holds title to the property; U.S. Bank is the current holder of the Note; the Note is secured by the Mortgage; as the Trust held title to the property, Forrest and Delphine Spurgeon signed the Mortgage in their capacities as trustees of the Trust; Forrest Spurgeon died in 2012; and U.S. Bank is seeking only in rem relief for the purpose of foreclosing upon the Mortgage and is not seeking a monetary or personal judgment. U.S. Bank further argued that it attached the Note and Mortgage to its complaint in compliance with Ind. Trial Rule 9.2(A).

[6] On October 4, 2017, the court held the scheduled hearing. At the hearing, the court stated:

> I sheltered people's estates and their assets for years as a tax and estate planner and probate lawyer, by putting things in trusts and so, forth so, the mortgage clearly says that the borrower is the [Trust]. And so, if there is no note that is signed by the trust, by the trustees of the trust, as trustees then the mortgage is not securing anything. I do not disagree with the statement that . . . a note may be signed and then . . . a mortgage on property not owned by the person who executed the note can secure the loan there is absolutely no question about that, but the problem is that's not what was done here. This clearly says the [Trust] is the borrower, and that is not the case. The borrower was Forest [sic] . . . Spurgeon, sorry individually. And there is a huge difference, the whole point of setting up the trust is to take the property that is put into the trust, and segregate it, and protect it from . . . the person's . . . individual actions, not to mention the fact that the

real-estate was in the name of the [Trust] at the time that the mortgage was executed.

Transcript Volume II at 6.

[7] The trial court issued an Order which states in part:

> This matter was set for hearing to show cause why this case should not be dismissed for failure to comply with Ind. Rule of Procedure 9.2 (A).
>
> The Mortgage attached to the complaint clearly and unequivocally states that the borrower is the [Trust]. The Note attached to the complaint is signed by Forrest K. Spurgeon, individually.
>
> It should be noted that [U.S. Bank] filed a copy of the deed showing that the real estate was in the name of the trust at the time of the transaction in question.
>
> [U.S. Bank] has not filed a note executed by the Trustees on behalf of the [Trust] after having been given ample opportunity to do so.
>
> In fact, Counsel for [U.S. Bank] has clearly indicated the only note in possession of the client is the note signed by Forrest K. Spurgeon, individually.
>
> [U.S. Bank] has failed to state a claim upon which relief can be granted by failing to file a written instrument necessary for the entry of judgment.
>
> It is therefore, Ordered and Adjudged that this case is dismissed.

October 4, 2017 Order.

## *Discussion*

[8] The issue is whether the trial court abused its discretion in dismissing U.S. Bank's complaint. We generally review a trial court's ruling with respect to compliance with Ind. Trial Rule 9.2 for an abuse of discretion. *See Brown v. Guinn*, 970 N.E.2d 192, 195 (Ind. Ct. App. 2012) (finding the court acted within its discretion when it did not dismiss the plaintiff's action because he had failed to produce a copy of a written contract); *Bank of New York v. Bright*, 494 N.E.2d 970, 975 (Ind. Ct. App. 1986) (observing the trial court is afforded discretion in addressing non-compliance with Ind. Trial Rule 9.2(A)). In reviewing a ruling to dismiss for failure to state a claim upon which relief can be granted, we stand in the shoes of the trial court and determine if the trial court erred in its application of the law. *Lawson v. First Union Mortgage Co.*, 786 N.E.2d 279, 281 (Ind. Ct. App. 2003). The court's order of dismissal is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

[9] U.S. Bank argues that it complied with Ind. Trial Rule 9.2(A) by attaching the Note and Mortgage to its complaint for foreclosure, that the Trust held title to the property subject to the Mortgage, and that Forrest and Delphine Spurgeon, as the trustees of the Trust, signed the Mortgage. It further argues that, as no party appeared, it is apparent that the Trust did not object to the relief sought by U.S. Bank, and that it is aware of no law that requires that a promissory note be signed by all those who hold title to the real property that is to be encumbered by the mortgage. Further, U.S. Bank argues that the Note and Mortgage are

enforceable and that, "[e]ven assuming a typographical error or lack of clarity regarding the trust and trustees only being mortgagors, and not borrowers under the note, this would not render the mortgage unenforceable." Appellant's Brief at 11.

[10] The Trust has not filed an appellee's brief. When an appellee has not filed an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Henderson v. Henderson*, 919 N.E.2d 1207, 1210 (Ind. Ct. App. 2010). Rather, we may reverse the trial court if the appellant presents a case of *prima facie* error. *Id*. *Prima facie* error means at first sight, on first appearance, or on the face of it. *Id*.

[11] Ind. Trial Rule 9.2(A) provides:

> **When instrument or copy, or an Affidavit of Debt must be filed**. When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading. Such instrument, whether copied in the pleadings or not, shall be taken as part of the record.
>
> When any pleading allowed by these rules is founded on an account, an Affidavit of Debt in a form substantially similar to that which is provided in Appendix A-2 to these rules, shall be attached.

[12] To the extent we must interpret the Note and Mortgage, we observe that interpretation of a contract is a pure question of law and is reviewed de novo. *First Fed. Bank of Midwest v. Greenwalt*, 42 N.E.3d 89, 94 (Ind. Ct. App. 2015) (citations omitted). If a contract's terms are clear and unambiguous, courts

must give those terms their clear and ordinary meaning. *Id*. Courts should interpret a contract so as to harmonize its provisions, rather than place them in conflict. *Id.* We will make all attempts to construe the language of a contract so as not to render any words, phrases, or terms ineffective or meaningless. *Id.*

[13] When a contract contains general and specific provisions relating to the same subject, the specific provision controls. *Jernas v. Gumz*, 53 N.E.3d 434, 445 (Ind. Ct. App. 2016) (citing *Ryan v. Lawyers Title Ins. Corp.*, 959 N.E.2d 870, 875 (Ind. Ct. App. 2011)), *trans. denied*. To be valid and enforceable, a contract must be reasonably definite and certain. *Id*.; *Wenning v. Calhoun*, 827 N.E.2d 627, 629 (Ind. Ct. App. 2005) ("In order to be enforceable, a contract must be reasonably definite and certain in its material terms so that the intention of the parties may be ascertained."), *trans. denied*.

[14] In this case, several exhibits were attached to U.S. Bank's complaint, including copies of the Note and the Mortgage. We also note the complaint attached an assignment of the Mortgage from Wells Fargo to U.S. Bank and that U.S. Bank filed a copy of the deed conveying the property subject to the Mortgage to the Trust.

[15] The pleadings allege that Forrest Spurgeon signed the Note and promised to repay the loan on the terms set forth in the Note. The Note refers to Forrest Spurgeon as the "Borrower." The Note is dated May 24, 2006, indicates the original principal balance was $109,498.43, provides that Forrest Spurgeon would make principal and interest payments each month, and states that the

amounts owed would be paid in full on or before the maturity date of May 30, 2036.

[16] The pleadings also allege that Forrest and Delphine Spurgeon, as trustees of the Trust, signed the Mortgage dated May 24, 2006. The property subject to the Mortgage is held by the Trust. The Mortgage includes a number of defined terms. The Mortgage defines the term "Security Instrument" to refer to the Mortgage document together with all riders. Mortgage at 1. The Mortgage defines the term "Borrower" as the Trust. *Id.* The Mortgage defines the term "Lender" as Wells Fargo and provides "Lender is the mortgagee under this Security Instrument." *Id.* The Mortgage states: "'Note' means the promissory note signed by Borrower and dated 05/24/06. The Note states that Borrower owes Lender $109498.43 (U.S. Dollars) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than 05/30/36." *Id.* The Mortgage defines the term "Loan" to mean "the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest." *Id.*

[17] The Mortgage, under the heading "Transfer of Rights in the Property," provides the following operative language:

> This Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extension and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey

to Lender and Lender's successors and assigns [the Jackson County property].

*Id.* at 2.

[18] The trial court stated at the hearing that "a mortgage on property not owned by the person who executed the note can secure the loan," the "problem is that's not what was done here," and the Mortgage "clearly says the [Trust] is the borrower." Transcript Volume II at 6. The court's order states "[t]he Mortgage attached to the complaint clearly and unequivocally states that the borrower is the [Trust]," October 4, 2017 Order. We agree that one person may furnish collateral or grant a mortgage on the person's real property to secure the loan of another. *See Greenwalt*, 42 N.E.3d at 94 (noting that a person who furnishes collateral to secure the loan of another or mortgages the person's land to secure another's debt is a surety). We also agree that Forrest Spurgeon, and not the Trust, is the borrower of the loan evidenced by the Note and that the Trust is the mortgagor under the Mortgage. The Trust, pursuant to the Mortgage, granted an interest in property held in its name to secure repayment of the debt of Forrest Spurgeon.

[19] As for the terminology in the instruments, we observe that the form language of both the Note and the Mortgage use the term "borrower" throughout and that not all of the uses of that term in the Mortgage, such as in defining the term "Note," were tailored to reflect the fact that the mortgagor under the Mortgage is not the same party as the borrower under the Note. Nevertheless, the use of the term "borrower" in the Mortgage does not render the Mortgage or U.S.

Bank's security interest in the property invalid or unenforceable. We observe that a portion of the text in the Mortgage document appears to consist of form or pre-printed text while specific terms appear in type filled in on pre-printed blanks on the document. In particular, we note that the word "Borrower" in the definition of the term "Note" in the Mortgage appears to consist of pre-printed text while the other terms in the definition describing the Note, including the loan amount, the date the Note was signed, and the maturity date, appear as typed text filled in on pre-printed blank spaces. Further, the operative language of the Mortgage provides that the property secures "the repayment of the Loan, and all renewals, extension and modifications of the Note" and that the Trust "does hereby mortgage, grant and convey to [Wells Fargo] and [its] successors and assigns [the Jackson County property]." Mortgage at 2. In turn, the term "Loan" is defined to mean the debt evidenced by the Note, the "Note" is referred to as the one dated May 24, 2006, in the amount of $109,498.43, with a maturity date of May 30, 2036, and these terms mirror those of the Note executed by Forrest Spurgeon. The language of the Mortgage, including the specific filled-in language, is sufficiently definite to reveal the intent of the mortgagor as to the identification of the loan secured by the Mortgage. *See Jernas*, 53 N.E.3d at 447 (observing that the identification of the purchaser and property description were reasonably definite); *Ryan*, 959 N.E.2d at 874-877 (noting that there was a discrepancy between the general pre-printed text of a purchase agreement and the more specific language in type filled in on the form purchase agreement and finding that the specific filled-in language controlled over the more general pre-printed language). Also, the trial court found that the

property subject to the Mortgage was in the name of the Trust at the time of the transaction in question. It is clear from the language of the Mortgage that the Trust, as mortgagor, has granted a security interest in the property held in its name to secure the payment of the debt owed by Forrest Spurgeon pursuant to the Note.

[20] In addition, we observe that Delphine Spurgeon as trustee of the Trust was served with the complaint for foreclosure, the Trust did not file an appearance or an answer to U.S. Bank's complaint, and on appeal the Trust has not filed an appellee's brief. The Trust thus did not and has not challenged U.S. Bank's allegations that U.S. Bank is entitled to enforce the Mortgage as a result of a default under the Note, the Trust does not argue that the Mortgage is in any way invalid or unenforceable due to the document's definition or use of the term borrower or otherwise, and the Trust has not asserted that it, as the holder of title to the property subject to the Mortgage, did not or was unable to grant an interest in the property as security for the repayment of the loan evidenced by the Note.

[21] Based upon the record, we conclude that U.S. Bank did not fail to comply with Ind. Trial Rule 9.2(A) or fail to state a claim upon which relief could be granted. U.S. Bank has established its security interest in the property subject to the Mortgage and that it is entitled to default judgment.

## *Conclusion*

[22] For the foregoing reasons, we reverse the trial court's order dismissing U.S. Bank's foreclosure action and remand with instructions to grant U.S. Bank's request for default judgment.

[23] Reversed and remanded.

Bailey, J., and Crone, J., concur.