**In re the Matter of the LARRY L. THOMPSON REVOCABLE TRUST.**

**Deanna Thompson Stull, Appellant–Petitioner,**

v.

**Larry L. Thompson Revocable Trust, Derek Thompson and Vicki Thompson Craver, Appellees–Respondents.**

**No. 54A01–1011–TR–592.**

Court of Appeals of Indiana.

Sept. 28, 2011.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, IN, Attorneys for Appellant.

Gregory E. Steuerwald, Steuerwald, Hannon, Zielinski & Witham, Danville, IN, Attorney for Appellees.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Deanna Thompson Stull ("Deanna") appeals the trial court's judgment in favor of Respondents–Appellees Larry L. Thompson Revocable Trust ("the Trust"), Derek Thompson ("Derek"), and Vicki Thompson Craver ("Vicki"). We affirm.

### ISSUES

Deanna raises one issue, which we restate as: whether the trial court's judgment in favor of the Trust, Derek, and Vicki is erroneous.[1]

In addition, the Trust, Derek, and Vicki contend that Deanna's appeal is frivolous and request appellate attorney's fees.

### FACTS AND PROCEDURAL HISTORY

This is the third appeal in this case. The facts set forth in the first appeal are as follows:

> [Larry L.] Thompson created the Larry L. Thompson Revocable Trust (the "Thompson Trust") on November 6, 1991, appointing himself as the sole trustee. He then married [Deanna] on November 30, 1996. At the time they were married, Thompson worked for R.R. Donnelley & Sons Company ("R.R. Donnelley"). He retired soon after in December 1996 and subsequently received a retirement package in the mail from R.R. Donnelley's office in Downers Grove, Illinois.
>
> On December 26, 1996, Thompson executed an R.R. Donnelley employee savings program beneficiary election. He designated the Thompson Trust as the

---

1. Deanna has also filed a Motion to Strike Pages 5–31 of Appellees' Appendix. We grant Deanna's motion in a separate order, to be issued with this opinion.

beneficiary of his employee savings plan accounts. The trust designated [Deanna] along with Thompson's children from a previous relationship, Derek Thompson ("Derek") and Vicki Thompson ("Vicki"), as co-successors. On the same day, [Deanna] signed a "Consent to Beneficiary Designation" form at her and Thompson's home. . . .

[Deanna] alleges that she signed and dated the Consent to Beneficiary Designation form on December 26, 1996, "in exchange for the promise that she would be a one-third beneficiary of the [Trust]." Br. of Appellee at 1. The space on the form providing for the signature of a plan witness or notary was left blank. [Deanna] then personally packaged, sealed, and mailed the forms to the Des Plaines office of R.R. Donnelley. R.R. Donnelley never notified Thompson that there was a problem with the beneficiary designation forms.

Thompson died on February 13, 1998. Upon his death, Derek and Vicki sought payment from the Thompson Trust. At this time, R.R. Donnelley realized that [Deanna's] signature on the spouse's consent form had not been witnessed or notarized. The company contacted [Deanna] and Derek and proposed that Kim Keeling ("Keeling"), a plan representative, witness a re-signing of Stull's waiver. On April 17, 1998, [Deanna] acknowledged and verified her prior signature on the original consent waiver in the presence of Keeling. . . . After this meeting, R.R. Donnelley distributed the funds to the Thompson Trust.

On December 16, 1999, [Deanna] filed a petition in equity to impose a trust, or in the alternative to set aside and revoke consent to transfer and to obtain repayment of funds against Derek, Vicki, and the [Trust]. [Deanna] moved for partial summary judgment on March 2, 2002, alleging that her signature was not properly witnessed or notarized as re-

quired by ERISA. The trial court granted partial summary judgment on August 2, 2002.

The Trust filed a motion to set aside summary judgment and its own motion for summary judgment on August 8, 2003. A hearing was conducted on November 16, 2005, after which the trial court denied the Trust's motions. The trial court concluded that the failure of Thompson and the Trust to properly execute the necessary documents could not be cured after Thompson's death. *In re Thompson Revocable Trust*, 856 N.E.2d 1252, 1253–54 (Ind.Ct.App.2006) ("*Thompson I* ") (footnote omitted), *trans. denied.* The Trust, Derek, and Vicki pursued an interlocutory appeal of the trial court's ruling. This Court determined that the defect in Deanna's first execution of the form, and the circumstances under which Deanna executed the second form, did not invalidate her consent to Larry Thompson's ("Larry") beneficiary designation. Therefore, this Court concluded that "summary judgment in favor of the Trust is appropriate," and reversed and remanded for further proceedings consistent with the opinion. *Id.* at 1259.

Next, we turn to the facts relevant to the second appeal in this case, as follows:

On remand [from *Thompson I* ], the Trust, Derek and Vicki filed a Motion to Enter Final Judgment Consistent with the Decision of the Indiana Court of Appeals. The trial court granted summary judgment as to the issue of the validity of [Deanna's] consent, but denied an entry of final judgment because the Court of Appeals had not addressed the issue of whether a constructive trust should be imposed due to the circumstances under which [Deanna] consented to the change of beneficiary. The Trust, Derek and Vicki then filed a Motion for Summary Judgment on the equitable claim, which the trial court granted.

*In re Thompson Revocable Trust,* Cause No. 54A01–0802–CV–52, slip op. at 4, 2008 WL 4427396 (Ind.Ct.App. Oct. 2, 2008) ("*Thompson II* "). Deanna appealed the trial court's grant of summary judgment on her equitable claim. On appeal, this Court determined, "The issue before us is whether [the Trust, Derek and Vicki] are entitled to judgment as a matter of law on [Deanna's] claim of constructive fraud upon which she seeks to impose a constructive trust." *Id.* at 6. After reviewing the facts and procedural history, the Court determined, "Based on these unique circumstances, we believe [Deanna] is entitled to bring a claim of constructive fraud against Derek due to an alleged duty he owed to Larry." *Id.* at 9. The Court concluded:

> Based on these facts, the determination of the existence of a confidential relationship between Derek and Larry should be left to the fact finder.
>
> In addition to this question of fact, the fact finder will be faced with the factual issue of determining the true content of Larry's directions to Derek and whether Derek agreed to carry them out. Because these genuine issues of material fact exist, summary judgment was not appropriate. We therefore reverse and remand for further proceedings.

*Id.* at 10.

On remand, the trial court held a pretrial hearing on August 14, 2009 regarding the issues to be tried. On the same day, the trial court issued a docket entry, as follows:

> This matter is back from the Court of Appeals with certain instructions on what matters remain to be tried. The Court has reviewed the Court of Appeals opinion and heard argument from both counsel as to what issues are tried.

The Court concludes that the following matters need to be tried. 1) Whether or not a constructive trust should be imposed, because of the reason of a confidential relationship of Derek Thompson with his father Larry Thompson; 2) Whether or not a constructive trust should be imposed for reason of a confidential relationship between Deanna Thompson Stull and Larry Thompson; 3) And if a constructive trust should be imposed, what is the proper amount of money to be disgorged as being an unjust enrichment.

Appellant's App. p. 23. The case was tried to the bench. After the trial, the court issued a final judgment. The judgment states:

> This matter having been tried to the bench on the issue of whether a constructive trust should be imposed upon the assets held by the Larry L. Thompson Revocable Trust for the benefit of Deanna Thompson Stull[,] Court now FINDS as a matter fact [sic] that a constructive trust should not be imposed for the reason that there was no confidential relationship as could support the same. Deanna Thompson Stull's request for the imposition of a constructive trust should be and now is DENIED.

*Id.* at 29. Subsequently, Deanna filed a Motion to Correct Errors and a Motion to Amend Petition in Equity to Conform to Evidence. The trial court denied both motions. This appeal followed.

### DISCUSSION

### I. STANDARD OF REVIEW

██ At the beginning of the bench trial, the court granted an oral request to issue findings of fact and conclusions of law. However, the trial court's final judgment, as quoted above, consists of partial findings of fact and conclusions of law.[2]

---

2. Deanna does not contend that the trial court erred by failing to issue complete findings of

Where a trial court enters findings of fact and conclusions of law, first we determine whether the evidence supports the findings, and second we determine whether the findings support the judgment. *Zukerman v. Montgomery*, 945 N.E.2d 813, 818 (Ind.Ct.App.2011). However, the specific findings control only as to the issues they cover, and a general judgment standard applies to issues upon which the trial court made no findings. *Id.* Under the general judgment standard, we neither reweigh the evidence nor assess the credibility of the witnesses. *Id.* We review questions of law de novo and owe no deference to the trial court's legal conclusions. *Id.*

## II. WAIVER

■■■ Deanna argues that the trial court improperly barred her from raising certain claims at the bench trial in support of her request for a constructive trust. Specifically, Deanna contends that she should have been allowed to argue: (1) a confidential relationship existed between her and Derek, and his misrepresentations in connection with Deanna's execution of the beneficiary designation form after Larry's death improperly deprived her of a share of Larry's retirement benefits and the Trust's property; and (2) a constructive trust is necessary to remedy Deanna's mistake of fact, specifically that she thought that if she agreed to Larry's designation of the Trust as the recipient of his retirement benefits, she would become a beneficiary of the trust equal to Derek and Vicki.

Before turning to the merits of Deanna's argument, the Trust, Derek, and Vicki assert that Deanna has waived both of her

additional claims in support of her request for an equitable trust. Specifically, the Trust, Derek, and Vicki assert that Deanna failed to object to or otherwise challenge the trial court's August 14, 2009 docket entry identifying the issues to be tried. They further assert that in the absence of an objection, Deanna waived any other claims she may have intended to present at trial.

■■■ A party must show that it gave the trial court a bona fide opportunity to pass upon the merits of a claim before seeking an opinion on appeal. *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind.2006). In this case, in February 2009, the trial court held a pretrial conference. The court subsequently issued a docket entry stating, "There is some difference in opinion among counsel as to issues to be tried. The Court sets a deadline of June 1, 2009, for counsel to file statements of contentions on pretrial matters." Appellant's App. p. 22. In June 2009, the Trust, Derek, and Vicki filed a motion to clarify the scope of proceedings, and Deanna filed a "Statement of Contentions." *Id.* at 23. In her Statement, Deanna argued that Derek owed her a duty to carry out Larry's instructions as she described them. Deanna further stated, "[N]one of her previously pleaded equitable claims have been precluded by the Court of Appeals' opinion...." *Id.* at 78. On August 14, 2009, the trial court held a hearing,[3] at the end of which the court issued a docket entry identifying the claims to be tried, as set forth above.

Based upon these materials, we conclude that Deanna has not waived her claim that

---

fact and conclusions of law. To the contrary, she concedes that the trial court was not obligated to issue written findings and conclusions in the absence of a written request. *See* Indiana Trial Rule 52(a) (stating that in cases tried to the bench, the trial court "shall find

the facts specially and state its conclusions thereon" upon "the written request of any party").

3. A transcript of that hearing has not been provided on appeal.

she had a confidential relationship with Derek. She presented the claim to the trial court in her Statement of Contentions, thereby giving the trial court ample opportunity to consider and rule upon whether the claim should be heard at trial. With respect to that claim, Deanna did all that was necessary to preserve the issue for appellate review. By contrast, based on the record before us, the first time that Deanna argued that her mistake of fact justified a constructive trust was in her motion to correct error. She did not properly present that claim to the trial court before seeking an opinion on appeal. Therefore, she failed to preserve that claim for appellate review, and it is waived.

### III. ENTRY OF JUDGMENT IN FAVOR OF THE TRUST, DEREK, AND VICKI

■ We now turn to Deanna's argument that the trial court should have allowed her to argue at trial that a constructive trust is necessary because she had a confidential relationship with Derek, whom she alleges misled her. The Trust, Derek, and Vicki respond that the Court's opinion in *Thompson II* fully addressed and resolved all of Deanna's equitable claims for a constructive trust, and the trial court properly barred her from presenting her additional equitable claim.

■ Pursuant to the law of the case doctrine, an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and substantially the same facts. *Pinnacle Media, LLC v. Metro. Dev. Comm'n of Marion Cnty.*, 868 N.E.2d 894, 901 (Ind. Ct.App.2007), *trans. denied.* All issues decided directly or by implication in a prior decision are binding in all further portions of the same case. *Am. Family Mut. Ins. Co. v. Federated Mut. Ins. Co.*, 800 N.E.2d 1015, 1019 (Ind.Ct.App.2004). In addition, facts established at one stage of a proceed-

ing, which were part of an issue on which judgment was entered and appeal taken, are unalterably and finally established as part of the law of the case and may not be relitigated at a subsequent stage. *Id.* The law of the case doctrine is a discretionary rule of practice. *Id.* A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances. *Id.*

In *Thompson II*, Deanna appealed the trial court's grant of summary judgment on "the issue of whether a constructive trust should be imposed." *Thompson II,* Cause No. 54A01–0802–CV–52, at 4. A panel of this Court stated, "The issue before us is whether the Appellees are entitled to judgment as a matter of law on [Deanna's] claim of constructive fraud upon which she seeks to impose a constructive trust." *Id.* at 6. This Court further noted, "The parties' arguments are directed at whether Derek had a confidential or fiduciary duty to [Deanna]. . . ." *Id.* at 7. This Court concluded, as is noted above, "[T]he determination of the existence of a confidential relationship between Derek and Larry should be left to the fact finder," and "the fact finder will be faced with the factual issue of determining the true content of Larry's directions to Derek and whether Derek agreed to carry them out." *Id.* at 9. The Court did not identify any other issues of material fact to be addressed on remand.

We conclude from the foregoing that the *Thompson II* Court considered and decided all aspects of Deanna's claim in equity for a constructive trust. In fact, the *Thompson II* Court specifically noted that the parties were asking for a determination as to whether Derek had a confidential relationship to Deanna, which is the issue that Deanna now seeks to raise. De-

anna may not relitigate issues of her equitable claim that were implicitly decided in a prior appeal. Therefore, the trial court did not err by barring Deanna from raising this issue in support of her claim for a constructive trust. *See Boonville Convalescent Ctr., Inc. v. Cloverleaf Healthcare Servs., Inc.,* 834 N.E.2d 1116, 1125 (Ind.Ct. App.2005) (determining that the appellant could not raise the issue of mitigation because that issue was addressed in a prior appeal), *trans. denied.*

## IV. APPELLATE ATTORNEY'S FEES

This Court may, in its discretion, assess damages, including attorney's fees, against an appellant if an appeal is frivolous or in bad faith. Ind. Appellate Rule 66(E). We will assess appellate damages only against an appellant who in bad faith maintains a wholly frivolous appeal. *Harness v. Schmitt,* 924 N.E.2d 162, 168 (Ind. Ct.App.2010). A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. *Id.*

Here, we have found that Deanna's appeal is without merit and have affirmed the Montgomery Superior Court's judgment. Nevertheless, although Deanna did not prevail, we cannot conclude that this appeal is frivolous or that Deanna has maintained this appeal in bad faith. Consequently, we deny the Trust, Derek, and Vicki's request for appellate attorney's fees. *See id.* at 169 (declining to award appellate attorney's fees to an appellee because the appellant's claims were not "utterly devoid of plausibility").

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court and deny the Trust, Derek, and Vicki's request for appellate attorney's fees.

Affirmed.

DARDEN, J., concurs.

BROWN, J., concurs in result.