**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 14 2012, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**VINOD C. GUPTA**
Boca Raton, Florida

ATTORNEY FOR APPELLEE:

**RHONDA D. OLDHAM**
Brames & Oldham
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VINOD C. GUPTA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 84A04-1110-MI-520 |
| | ) | |
| CITY OF TERRE HAUTE, | ) | |
| DEPARTMENT OF REDEVELOPMENT, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael J. Lewis, Judge
Cause No. 84D06-1102-MI-1271

**May 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Vinod C. Gupta, *pro se*, appeals the trial court's judgment in favor of the City of Terre Haute, Department of Redevelopment (the "City"). Gupta raises several issues, which we consolidate and restate as whether the court erred in ruling in favor of the City and against him. We reverse.

The relevant facts follow. In April 2009, Gupta purchased certain real property located at 2024 Ash Street, Terre Haute, Vigo County, Indiana (the "Property") at a public auction and signed a certificate of sale.[1] A Tax Deed related to the conveyance of the Property to Gupta was executed by the Auditor of Vigo County on June 23, 2010, and recorded with the Vigo County Recorder on July 2, 2010. The Tax Deed indicated that the post office address for Gupta as grantee was 17962 Foxborough Lane, Boca Raton, FL 33496 (the "Foxborough Lane Address").

An Order of the Engineering Department, City of Terre Haute (the "Notice"), dated July 2, 2010, was issued to Gupta as an interested party, and the Notice provided in part:

YOU ARE HEREBY NOTIFIED TO:

Remove Unsafe Building(s) on or before ten (10) days from this order date: July 2, 2010. This Order applies [to] all structures.

Plaintiff's Exhibit 1. The Notice also notified Gupta that "a hearing will be held relative to the above described building at 9:00 a.m. on August 4th, 2010 in the Mayor's Conference Room, 3rd Floor, City Hall, Terre Haute, Indiana." Id. The address for Gupta set forth on the Notice was "c/o Banco Papular/Lien Hold-Jenny, 1221 Brickell Avenue

---

[1] The record does not include the certificate of sale.

2

Suite 120, Miami, FL 33136" (the "Brickell Avenue Address").[2] Id. The Notice was recorded with the Vigo County Recorder on July 28, 2010. The Notice was sent to the Brickell Avenue Address by certified mail.[3] According to a confirmation page from the United States Postal Service related to the mailing of the Notice, the Notice "arrived at 5:14 am on July 17, 2010 in MIAMI, FL 33101." Defendant's Exhibit A. Thus the Notice did not arrive until fifteen days after the date on the Notice and five days after the deadline for completion of the work as stated in the Notice.

On February 18, 2011, the City filed a Record of Non Payment against Gupta seeking $3,894 for costs "regarding action taken by the Dept of Redevelopment to effect compliance with an order to demolish relating to structures" on the Property.[4] Plaintiff's Exhibit 3. The court held a hearing on July 28, 2011, at which the City presented among other evidence the 2008 Delinquent Property Tax Sale Record as Plaintiff's Exhibit 2 and a "Notice of Public Bids" dated August 5, 2010 related to the Property as Plaintiff's Exhibit 4, which showed Gupta's address as the Foxborough Lane Address. Following the hearing on July 28, 2011, the court entered a Judgment Order in favor of the City and against Gupta in the amount of $3,894, court costs of $136, and $1.00 for entry of Lis Pendens Notice, for a total of $4,031. Gupta filed a motion to correct error, which the court denied.

---

[2] The Brickell Avenue Address was the address for Gupta as the buyer shown on a "2008 Delinquent Property Tax Sale Record," which referenced the 2009 sale of the Property. See Plaintiff's Exhibit 2.

[3] Plaintiff's Exhibit 1 includes a certified mail receipt which contains Gupta's Brickell Avenue Address and a tracking number, but the receipt does not include a date the Notice was sent or postmarked.

[4] This pleading showed Gupta's address as the Foxborough Lane Address.

The issue is whether the trial court erred in ruling in favor of the City and entering judgment against Gupta. A general judgment standard applies to issues upon which the trial court made no findings. Zukerman v. Montgomery, 945 N.E.2d 813, 818 (Ind. Ct. App. 2011). A general judgment may be affirmed based on any legal theory supported by the evidence. Rea v. Shroyer, 797 N.E.2d 1178, 1181 (Ind. Ct. App. 2003). As we conduct our review, we presume the trial court followed the law. Id. It is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal. Id.

Gupta argues that the City's Notice was defective because it was not sent to him at the Foxborough Lane Address and because the Notice did not allow him at least ten days to accomplish the required action. Specifically, Gupta argues that the City "took [his Brickell Avenue Address] from some old document held by the Auditor," and that "[s]ince the tax deed was issued on 23rd June 2010; [the City] should have used the latest address available in the Auditor's office that was shown on the tax deed," which was the Foxborough Lane Address. Appellant's Brief at 6-7. Gupta argues that Ind. Code § 36-7-9-5(c) required the Notice to give him at least ten days to accomplish the required action, that the Notice was dated July 2, 2010, and allowed ten days from that date to accomplish the required action, that there is no evidence that the City mailed the Notice on July 2, 2010, that the tracking information from the post office clearly shows that the Notice arrived in Miami, Florida, on July 17, 2010, and that therefore the order did not

4

allow at least ten days to accomplish the required action. Gupta also asserts that the court erred in not admitting into evidence a letter of notification of sale of the Property.[5]

The City argues that the Brickell Avenue Address was provided by Gupta at the 2008 tax sale as reflected on the 2008 Delinquent Property Tax Sale Record presented as Plaintiff's Exhibit 2. The City asserts that Ind. Code § 36-7-9-10 required that the Notice be sent only "to persons having a fee interest, life estate interest or equitable interest of a contract purchaser" and that there was no requirement to send the Notice under Ind. Code § 36-7-9-5 to parties "with only a substantial property interest." Appellee's Brief at 4. In his reply brief, Gupta argues that the City erroneously states and misapplies Ind. Code § 36-7-9-10,[6] that the Tax Deed was issued on June 23, 2010 and the City should have sent the Notice to the address on the Tax Deed, and that the City failed to provide sufficient notice of ten days required by Ind. Code § 36-7-9-5.

Ind. Code § 36-7-9-5, which governs in part an order of an enforcement authority for the demolition and removal of an unsafe building, provides in part that the order "must contain . . . the action that the order requires" and "the period of time in which the action is required to be accomplished, measured from the time when the notice of the order is given . . . ." In addition, Ind. Code § 36-7-9-5(c) provides:

---

[5] Because we reverse the court's Judgment Order, we need not address Gupta's argument that the court erred in failing to admit into evidence a letter of notification of sale of the Property.

[6] Ind. Code § 36-7-9-10(b) provides in part that "[t]he enforcement authority may cause the action required by an order . . . to be performed if: . . . (2) service of an order under section 5(a)(6), 5(a)(7), or 5(a)(8) of this chapter, in the manner prescribed by section 25 of this chapter, has been made on each person having a known or recorded substantial property interest in the unsafe premises that are the subject of the order . . . ."

The order must allow a sufficient time, *of at least ten (10) days*, but not more than sixty (60) days, *from the time when notice of the order is given, to accomplish the required action*. If the order allows more than thirty (30) days to accomplish the action, the order may require that a substantial beginning be made in accomplishing the action within thirty (30) days.

(Emphases added). Further, Ind. Code § 36-7-9-25(a), which governs the manner of serving notice, provides in part that notice of orders may "be given by" sending "a copy of the order or statement by first class mail to the last known address of the person to be notified." Ind. Code § 36-7-9-25(d) provides in part:

The date when notice of the order or statement is considered given is as follows:

* * * * *

(2) If the order or statement is mailed, *notice is considered given on the date shown on the return receipt, or, if no date is shown, on the date when the return receipt is received by the enforcement authority*.

(Emphasis added).

Here, the Notice stated that it was prepared on July 2, 2010, and required the removal of all structures on the Property "on or before ten (10) days from this order date: July 2, 2010." Plaintiff's Exhibit 1. However, the City fails to point to evidence presented at the hearing that the Notice allowed a sufficient time of at least ten days from the time the Notice was given to accomplish the required action under Ind. Code § 36-7-9-5(c). The record shows that the Notice was sent by certified mail. However, according to a confirmation page from the United States Postal Service related to the mailing of the Notice presented by Gupta at the hearing, the Notice "arrived at 5:14 am on July 17, 2010

6

in MIAMI, FL 33101." Defendant's Exhibit A. The certified mail receipt included in the record does not include a date, and the evidence does not show when the return receipt was received by the enforcement authority.

Further, we note that the Notice was sent to the Brickell Avenue Address rather than the Foxborough Lane Address identified as the address of Gupta as the grantee on the Tax Deed prepared by the Auditor of Vigo County, signed by the Auditor on June 23, 2010, and filed with the Vigo County Recorder on July 2, 2010.

Based upon the record, we conclude that the evidence demonstrates that the Notice did not comply with Ind. Code § 36-7-9-5. Accordingly, we reverse the court's July 28, 2011 Judgment Order.

Reversed.

BAKER, J., and KIRSCH, J., concur.