## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 06 2018, 10:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS *PRO SE*

Penelope Stillwell
William Stillwell
Clearwater Beach, Florida

ATTORNEY FOR APPELLEES
EAGLE-KIRKPATRICK
MANAGEMENT COMPANY, INC.,
KIRKPATRICK MANAGEMENT
COMPANY, INC., AND SYCAMORE
SPRINGS SECTION C
HOMEOWNERS ASSOCIATION, INC.

Bradley J. Schulz
State Farm Litigation Counsel
Indianapolis, Indiana

ATTORNEY FOR APPELLEE G.T.
SERVICES, INC., D/B/A GREEN
TOUCH SERVICES, INC.

Richard A. Rocap
Rocap Law Firm LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE COHEN
& MALAD, LLP

Carol Nemeth Joven
Price Waicukauski Joven & Catlin, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Penelope Stillwell and William Stillwell, | July 6, 2018 |
| | Court of Appeals Case No. 49A02-1708-CT-1919 |

*Appellants-Plaintiffs,*

v.

Eagle-Kirkpatrick Management Company, Inc., Kirkpatrick Management Company, Inc., G.T. Services, Inc., d/b/a Green Touch Services, Inc., and Sycamore Springs Section C Homeowners Association, Inc.,

*Appellees-Defendants,*

v.

Cohen & Malad, LLP,

*Appellee-Intervenor.*

Appeal from the Marion Superior Court

The Honorable John F. Hanley, Judge

Trial Court Cause No. 49D11-1110-CT-41092

## Friedlander, Senior Judge

On December 13, 2011, William Stillwell ("Dr. Stillwell") slipped and fell on the front steps of his home located in the Sycamore Springs development in Indianapolis. Dr. Stillwell subsequently filed a lawsuit against Eagle-Kirkpatrick Management Company, Inc., Kirkpatrick Management Company, Inc., G.T. Services, Inc. d/b/a Green Touch Services, Inc., and Sycamore Springs Section C Homeowners Associations, Inc (collectively "the Defendants"). Dr. Stillwell's wife, Mrs. Stillwell, pursued a claim for loss of consortium. The Stillwells retained attorney Daniel S. Chamberlain to represent them in their lawsuit. At some point during the course of the lawsuit, Chamberlain moved to the law firm Cohen & Malad. The Stillwells allowed

Chamberlain to continue to represent them after his move to Cohen & Malad.[1] Cohen & Malad had a contingency fee agreement with the Stillwells in which it was entitled to one-third of any recovery and reimbursement for advanced expenses.

[2] Meanwhile, the trial court scheduled the jury trial for August 2, 2016. As the trial date was approaching, the Defendants filed a motion to exclude testimony of one of the Stillwells' witnesses or, as an alternative, a motion to continue the trial in order to conduct additional discovery. The trial was continued to January 10, 2017.

[3] Shortly after the continuance, the parties engaged in settlement discussions. In August of 2016, Cohen & Malad presented the Stillwells with a memorandum of understanding outlining the terms of the settlement. In the fall of 2016, the parties formalized the settlement by signing the memorandum. The Defendants agreed to pay the Stillwells $200,000 as full settlement of all claims. Per the agreement, the parties also worked over the subsequent months to resolve issues concerning possible third-party interests in the settlement.[2]

[4] As the parties continued to discuss the issues related to the payment of medical bills, the new trial date approached. Due to the settlement, Cohen & Malad, on

---

[1] On May 3, 2017, Chamberlain assigned his rights to recover attorney fees and expenses under the contract to Cohen & Malad.

[2] Medicare and Anthem had interests in the settlement because they paid some of the relevant medical bills.

behalf of the Stillwells, filed the memorandum of understanding with the court on December 7, 2016. The trial court subsequently removed the January trial date from its calendar. In mid-January 2017, the parties finally worked out all of the details of the settlement except for release language related to the Medicare issue.

[5] On February 15, 2017, Cohen & Malad notified the Defendants that they would be filing a motion to withdraw as counsel for the Stillwells. As the settlement checks had been negotiated, Sycamore Springs and Green Touch sought to prevent Cohen & Malad from withdrawing, and also filed motions to enforce the settlement. By March 1, 2017, the Stillwells had filed *pro se* appearances and the trial court had scheduled a hearing for April 10, 2017.

[6] On April 10, 2017, all parties except the Stillwells appeared by counsel. The Stillwells had been ordered to appear in person, but failed to do so. Mrs. Stillwell appeared telephonically, but Dr. Stillwell did not participate. After the hearing, the trial court allowed Cohen & Malad to withdraw their representation of the Stillwells, and further allowed Cohen & Malad to deposit the settlement funds with the clerk. The trial court also granted the motions of Sycamore Springs and Green Touch to enforce the settlement agreement.

[7] On July 11, 2017, the trial court held a hearing on various motions. The Stillwells failed to appear at the hearing in any manner, despite being ordered to attend in person. On July 26, 2017, the trial court signed an order entering judgment, dismissing the case with prejudice as to the Defendants, and

otherwise enforcing the settlement agreement reached between the parties. The trial court also ordered the clerk to distribute the requested fees[3] and expenses[4] to Cohen & Malad and the remainder of the funds to the Stillwells.

[8] The Stillwells raise several restated issues on appeal: (1) whether the trial court properly enforced the settlement agreement; (2) whether the trial court abused its discretion in allowing Cohen & Malad to intervene; and (3) whether the trial court acted within its discretion in ordering that Cohen & Malad be paid for their fees and expenses.

# I. Settlement Agreement

[9] The Stillwells contend that the trial court erred when it found that the settlement agreement between the parties was enforceable. "Indiana strongly favors settlement agreements." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003). A settlement is a contract between two or more parties to amicably settle or adjust their differences on terms to which they agree. *Vance v. Lozano*, 981 N.E.2d 554 (Ind. Ct. App. 2012). It is well-established that if a "party agrees to settle a pending action, but then refuses to consummate [his or her] settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Georgos*, 790 N.E.2d at 453. Generally, a settlement agreement is

---

[3] Specifically, Cohen & Malad was entitled to $66,666.67 under its agreement with the Stillwells (one-third of the $200,000 recovery), but voluntarily reduced its fee to $54,042.14 (not including expenses).

[4] Despite the fact that Cohen & Malad incurred an additional $4000 in expenses after the settlement recap was signed, the firm agreed to accept $36,560.35 in expenses instead of $40,560.35.

not required to be in writing. *MH Equity Managing Member, LLC v. Sands*, 938 N.E.2d 750 (Ind. Ct. App. 2010), *trans. denied*. "Settlement agreements are governed by the same general principles of contract law as other agreements." *Id*. at 757.

[10] The existence of a contract is a question of law. *Batchelor v. Batchelor*, 853 N.E.2d 162 (Ind. Ct. App. 2006). To be valid and enforceable, a contract must be reasonably certain and definite. *Zukerman v. Montgomery*, 945 N.E.2d 813 (Ind. Ct. App. 2011). "All that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the promises made, including by whom and to whom; absolute certainty in all terms is not required." *Id*. at 819. Only essential terms are necessary for a contract to be enforceable. *Id*.

[11] In this case, the parties agreed to essential terms regarding the following topics in their memorandum of understanding. Specifically, the memorandum contained the following terms:

> 1. Defendants shall pay, or cause to be paid to, the Plaintiffs a total of Two Hundred Thousand Dollars ($200,000.00) as full settlement of all claims, subject to the terms in this Memorandum of Understanding.
>
> 2. The Plaintiffs shall sign an appropriate release, or releases, at a later date formalizing the terms and conditions of the resolution of this matter.
>
> 3. The Plaintiffs shall sign a Stipulation of Dismissal and this case shall be dismissed with prejudice.
>
> 4. The Plaintiffs agree to provide the Defendants documentation of reduction to any lien(s) and/or subrogation interest(s) from the

respective lienholder(s) and/or subrogee(s). The Defendants shall prepare separate drafts to each lienholder and/or subrogee, with the remaining balance being issued to the Plaintiffs and their counsel.

Appellees' Joint App. Vol II pp. 28–29.

[12] The Stillwells confirmed the settlement in a settlement recap that they executed with Cohen & Malad on August 22, 2016. This recap outlined the gross recovery, fees and expenses, liens, and the ultimate recovery. The recap also stated that "we have accepted the settlement offer after serious reflection and deliberation . . . [and] have concluded that this offer is in our own best interests." Appellees' Joint App. Vol. II p. 136. The only issue that was not fully addressed in the settlement agreement was the language of the release for Medicare. The language regarding the release(s), however, was not a material part of the agreement. It is clear from the terms of the memorandum that the main issue, the settlement between the parties for the Stillwells' claims, was unambiguously resolved. "A court will not find that a contract is so uncertain as to preclude specific enforcement where a reasonable and logical interpretation will render the contract valid." *Conwell v. Gray Loon Outdoor Mktg. Group, Inc.*, 906 N.E.2d 805, 813 (Ind. 2009). The trial court did not err in finding that an enforceable settlement agreement existed.

## II.   Intervenor Status

[13] The Stillwells also argue that the trial court abused its discretion when it allowed Cohen & Malad to intervene. We review a trial court's ruling on a

motion to intervene pursuant to Indiana Trial Rule 24 for an abuse of discretion and assume that all facts in the motion are true. *Himes v. Himes*, 57 N.E.3d 820 (Ind. Ct. App. 2016), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or the reasonable and probable inferences to be drawn therefrom." *Granite State Ins. Co. v. Lodholtz*, 981 N.E.2d 563, 566 (Ind. Ct. App. 2012), *trans. denied*.

[14] Indiana Trial Rule 24 (A) provides in relevant part as follows:

> Upon timely motion anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

Here, the evidence shows that Cohen & Malad had the right to intervene because it had a charging lien and an interest in the settlement funds pursuant to the terms of its agreement with the Stillwells. A charging lien "is the equitable right of attorneys to have the fees and costs due [to] them for services in a suit secured out of the judgment or recovery in that particular suit." *Wilson v. Sisters of St. Francis Health Servs. Inc.*, 952 N.E.2d 793, 796 (Ind. Ct. App. 2011). Because Cohen & Malad had a charging lien—a valid interest under Indiana Trial Rule 24(A)—at the time that it filed its motion to intervene, the trial court did not abuse its discretion when it allowed Cohen & Malad to intervene.

# III. Fees and Expenses

[15] Finally, the Stillwells argue that the trial court abused its discretion when it ordered that Cohen & Malad be paid for their fees and expenses. "We review the trial court's decision to award attorney fees under an abuse of discretion standard." *Bacompt Sys., Inc. v. Ashworth*, 752 N.E.2d 140, 146 (Ind. Ct. App. 2001), *trans. denied*. The record shows that Cohen & Malad had a contingency agreement that specified that it would be entitled to a one-third contingency fee if the Stillwells obtained a judgment or settlement on their personal injury claim. The fee agreement further provided that Cohen & Malad would be reimbursed for any expenses advanced. The Stillwells were provided with detailed documentation of Cohen & Malad's expenses and approved such expenses when they signed the settlement recap in August of 2016. Specifically, the settlement recap stated, "We hereby acknowledge that the above settlement is accurate and in accordance with our contract with the offices of Cohen & Malad." Appellees' Joint App. Vol. II p. 233. The Stillwells make several arguments regarding lavish and improper spending by Cohen & Malad, but those claims are not supported by any evidence in the record. Moreover, there is no evidence to suggest that Cohen & Malad was not entitled to its fees and expenses in accordance with its contract with the Stillwells. The Stillwells have failed to establish that the trial court abused its discretion in awarding Cohen & Malad's fees and expenses.

[16] Judgment affirmed.

Robb, J., and Mathias, J., concur.